■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK A. STEVENSON, Appellant.— Appeal by defendant from (1) a judgment of the County Court, Nassau County, rendered December 1, 1967, convicting him of attempted rape in the first degree and another crime, upon his plea of guilty, and imposing sentences of five to seven years on the attempted rape count and two years, six months, to five years on the other count, with execution of the latter sentence suspended, and (2) an order of the same court, dated April 26, 1968, and made in a *coram nobis* proceeding to vacate said judgment, which denied the application without a hearing. Judgment reversed, on the law, and case remitted to the County Court, Nassau County, for proceedings not inconsistent herewith. The findings of fact below have not been considered. Appeal from order dismissed as academic in view of the determination herein on the appeal from the judgment: The guilty plea was entered on the court's stipulation on the record that the sentence on the rape count would not exceed 10 years. We believe that in any case subject to the discretionary punishment of one day

to life under section 2189-a of the former Penal Law [of 1909] a guilty plea entered upon the promise or assurance of the court that such punishment will not be imposed may not stand. Since the crime here in question was committed prior to September 1, 1967, section 2189-a is applicable (cf. Penal Law, § 5.05). Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.